UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ALEXA, BRANDON BOGGS,
JEFF MALONE, and TIM RUGG,

    Plaintiffs,

v.

                 Case No. 22-cv-13073
                 Honorable Linda V. Parker

CITY OF ANN ARBOR,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) AS TO PLAINTIFF BRANDON BOGGS' CLAIMS

  Plaintiffs, former City of Ann Arbor ("City") employees, filed this lawsuit claiming that their employment was terminated in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). The matter is presently before the Court on the City's motion for judgment on the pleadings with respect to Plaintiff Brandon Boggs' claims. (ECF No. 14.) The motion has been fully briefed. (ECF Nos. 16, 17.) Finding the facts and legal arguments adequately presented in the parties' submissions, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons below, the Court is granting the City's motion.

I.  **Applicable Standard**

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

II.  **Background**

As indicated, Plaintiffs were City employees. (*See generally* ECF No. 11.) Boggs commenced his employment with the City on or about May 1, 2012. (*Id.* at

PageID 110, ¶ 36.) On August 26, 2021, in response to the COVID-19 pandemic, the City implemented a mandatory vaccination requirement for its employees and, eventually, set November 19, 2021 as the deadline for employees to receive the COVID-19 vaccine. (*Id*. at PageID 106, ¶ 1.)

The City permitted employees to request exemptions from the vaccine mandate for religious reasons. (*See id*. at PageID 108-09, ¶¶ 21, 25.) Plaintiffs, except Boggs, submitted "Request for Religious Exemption" forms, but were denied exemptions. (*See generally id*.) They subsequently were terminated. (*Id*.)

"Boggs was explicitly told he would not be accommodated." (*Id.* at PageID 110, ¶ 38.) He "was told that it would not be 'enough' to 'merely stat[e] you are Christian, Catholic, or Baptist,' and told that whether an exemption would be granted would depend on the employee's religious denomination." (*Id*. ¶ 39.) This "conversation occurred on or about October 1, 2021." (*Id*. ¶ 40.) "Boggs decided that submitting a request [for an exemption] would be futile." (*Id*. ¶ 41.) He was "constructively discharged on December 20, 2021." (*Id*. ¶ 42.)

Plaintiffs allege that the City was motivated by their religious beliefs in terminating their employment and that accommodating their religious objections to the COVID-19 vaccine would not have imposed an undue hardship on the City. (*See generally id*.) Plaintiffs allege that they, therefore, were terminated in violation of Title VII and the ELCRA.

3

The City moves to dismiss Boggs' claims, arguing that he fails to plead facts to show that it was informed of his religious conflict with the vaccination mandate. (ECF No. 14.)  The City points out that Boggs never filed a request for a religious exemption.  The City maintains that the vague allegations in Plaintiffs' pleading concerning an October 1 discussion between Boggs and an unidentified individual concerning exemptions does not support the City's knowledge of his religious beliefs.

Plaintiffs argue in response that an employer's knowledge is not a pleading requirement for a Title VII or ELCRA disparate treatment claim.  (ECF No. 16.) Plaintiffs contend that their factual allegations are sufficient to render Boggs' claims plausible.

### III. Applicable Law

Title VII and the ELCRA prohibit an employer from *inter alia* discharging an employee because of the employee's religion.  42 U.S.C. § 2000e-2(a)(1); Mich. Comp. Laws § 37.2102.  This proscription under Title VII is often referred to as the "disparate treatment" provision.  *See EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015) ("*Abercrombie*").  Under Title VII, "the term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . [the employee's religion] without undue hardship on the conduct

of the employer's business." 42 U.S.C. § 2000e(j). ELCRA claims "involve the same analysis as Title VII claims." *McDaniels v. Plymouth-Canton Cmty. Schs.*, 755 F. App'x 461, 468 n.3 (6th Cir. 2018) (quoting *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 n.4 (6th Cir. 2003)).

The disparate-treatment provision prohibits employers from (1) "discharg[ing]" an employee "(2) 'because of' (3) 'such individual's . . . religion' (which includes his religious practice)." *Abercrombie*, 575 U.S. at 772 (quoting 42 U.S.C. § 2000e-2(a)(1)). In *Abercrombie*, the Supreme Court held that to prove a disparate-treatment claim, the plaintiff need not show that the employer had "actual knowledge" of the plaintiff's need for an accommodation due to his or her religion. *Id.* at 772. "Instead, [the plaintiff] need only show that his [or her] need for an accommodation was a motivating factor in the employer's decision." *Id.*

The Court explained:

> [T]he intentional discrimination provision prohibits certain *motives*, regardless of the state of the actor's knowledge. Motive and knowledge are separate concepts. An employer who has actual knowledge of the need for an accommodation does not violate Title VII by [taking an adverse action against a current or prospective employee] if avoiding that accommodation is not his *motive*. Conversely, an employer who acts with the motive of avoiding accommodation may violate Title VII even if he has no more than an unsubstantiated suspicion that accommodation would be needed.

5

*Id*. at 773 (emphasis in original). The analysis, the Court offered, "is straightforward." *Id*. The current or prospective employee's religion must not be a factor in the employer's decisions. *Id*. Knowledge "may make it easier to infer motive, but [it] is not a necessary condition of liability." *Id*. at 774. The Court acknowledged, however, that "[w]hile a knowledge requirement cannot be added to the motive requirement, it is arguable that the motive requirement itself is not met unless the employer at least suspects that the practice in question is a religious practice—*i.e.,* that he cannot discriminate 'because of' a 'religious practice' unless he knows or suspects it to be a religious practice." *Id*. at n.3.

## IV. Analysis

The allegations in Plaintiffs' Amended Complaint do not render it plausible that Boggs' religion motivated the City's decision to terminate him. Boggs presumably did not comply with the City's vaccination mandate, which subjected him to termination. Plaintiffs concede in their pleading that Boggs did not submit a form requesting a religious exemption from the City's mandatory vaccination policy. While Plaintiffs allege that Boggs was told that he would not be accommodated and that merely identifying one's religion was not enough to qualify, they do not identify the individual with whom Boggs spoke or provide facts from which the motive of the City's decisionmaker(s) could be drawn from this conversation. In other words, contrary to Plaintiffs' assertion, this

6

conversation does not "require this Court to assume that [the City] indeed knew that . . . Boggs required religious accommodation." (ECF No. 16 at PageID 181.) There, in fact, is no basis from which to conclude or even infer that Boggs' religion, as opposed to simply his refusal to comply with the vaccination mandate, motivated the City's termination decision.

In response to the City's motion, Plaintiffs argue that the City has presented no evidence "that it was completely unaware" of Boggs' need for a religious exemption. (ECF No. 16 at PageID 181.) However, this argument confuses which party's burden is relevant when deciding a Rule 12(b)(6) or (c) motion. It is the *plaintiff's* burden to plead sufficient facts to plausibly support his or her claims. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555-56 (explaining that it is the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'" which requires "[f]actual allegations . . . enough to raise a right to relief above the speculative level"). And the question on a motion to dismiss or for judgment on the pleadings is whether the plaintiff has met this burden. *See supra* at Section I.

Plaintiffs also argue in their response that "[t]he law does not require . . . Boggs to perform a useless act[]" and that "[f]acts in this matter confirm that [the City]'s religious accommodation process was by all accounts theater." (ECF No. 16 at PageID 181-82 (internal quotation marks and citations omitted).) Perhaps these are correct assertions. Boggs did not have to submit a

7

religious exemption form for his religion to have motivated the City's termination decision. And the City may in fact have had no intention to grant a religious exemption to any employee. Nevertheless, neither assertion cures the fact that Plaintiffs' pleading is devoid of allegations suggesting that the decision to terminate *Boggs* was motivated by *his* religion. In other words, neither contention shows or infers that the decision to terminate *Boggs* was motivated by *his* religion.

While the facts alleged plausibly support a claim that religion motivated the City's termination decisions with respect to Alexa, Rugg, and Malone, there is no basis to make the same conclusion with respect to Boggs. As to Boggs, the "allegation[s] fall well short of providing 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Anderson v. United Airlines, Inc.*, No. 23 C 989, 2023 WL 5721596, at *4 (N.D. Ill. Sept. 5, 2023) (quoting Fed. R. Civ. P. 8(a)(2)) (additional citation omitted). The court reached the same conclusion when presented with a similar scenario in *Anderson*. *Id*. at *5.

There, twenty-eight unvaccinated employees brought a Title VII claim against United based on its alleged failure to accommodate their religions in connection with the airline's mandatory COVID-19 vaccine policy. *Id.* at *4. Only three plaintiffs alleged that they applied for a religious accommodation. *Id.* The court found that "[f]or the twenty-five plaintiffs who d[id] not allege that they sought a religious exemption, the complaint d[id] not allege any facts suggesting

8

that United could have suspected that they did not comply with the COVID-19 vaccination mandate because of a religious practice." *Id*. "Thus, with respect to those plaintiffs," the court concluded "that United could not have acted with the motive of avoiding the need to accommodate their religious beliefs." *Id*.

The *Anderson* court therefore held that the Title VII claims of those twenty-five plaintiffs were futile. For the same reasons, Boggs fails to state a Title VII or ELCRA claim.

Perhaps Boggs' claims would have survived the City's motion *if* the Amended Complaint included the statement in Plaintiffs' response brief that Boggs' October 1 conversation was with "management."[1] (*See* ECF No. 16 at PageID 177.) However, as discussed earlier, this detail was not alleged in Plaintiffs' pleading and thus it does not save Boggs' claims. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)) ("As a general rule, a court considering a motion to dismiss 'must focus only on the

---

[1] It also is possible that this single detail, without more, would be insufficient to nudge Boggs' claims across the line from being speculative to plausible. Even with this detail—which itself is quite vague—it is unclear whether the City had a basis to at least suspect that Boggs' vaccination decision was connected to his religion. This Court finds the answer to at least one question necessary to find motive: Were "management['s]" comments during the October 1 conversation in response to Boggs claiming a need for a religious exemption or discussing his religion?

allegations in the pleadings.'  This does not include [the] plaintiffs' responses to a motion to dismiss.").  "If [P]laintiffs believe they need to supplement their complaint with additional facts to withstand a motion to dismiss . . . they have a readily available tool: a motion to amend the complaint under Rule 15."  *Id.* (quoting *Bates*, 958 F.3d at 483).

V.    **Conclusion**

Plaintiffs' Amended Complaint fails to allege facts to plausibly plead Boggs' Title VII and ELCRA claims.  Therefore, the Court is **GRANTING** the City's motion for judgment on the pleadings with respect to those claims (ECF No. 14).

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 8, 2023