UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ALEXA, et al.,

Plaintiffs,

v.

Case No. 22-cv-13073
Honorable Linda V. Parker

CITY OF ANN ARBOR,

Defendant.
____________________________________/

**OPINION AND ORDER REGARDING APPOINTMENT OF DISCOVERY MASTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(a)(1)(C) AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO COMPEL (ECF NO. 54) AND DEFENDANT'S MOTION TO COMPEL (ECF NO. 58)**

Plaintiffs, former City of Ann Arbor ("City") employees, filed this lawsuit claiming that their employment was terminated in violation of their civil rights when the City denied their request to be exempted from its mandatory COVID-19 vaccination policy based on their claimed religious beliefs. This almost two and a half-year-old case has generated significant discovery-related motion practice already. There are currently two discovery motions pending before the Court, and counsel's regular emails to chambers suggest that more disputes are likely to arise. Recently, at a status conference on April 3, 2025, the Court ordered counsel for the parties to meet in person to attempt to resolve their discovery disputes. Counsel's

thirty-minute meeting—which does not suggest a meaningful, good-faith attempt to address the various matters at issue—failed to resolve the pending motions.

The parties' inability to efficiently and effectively work through their discovery disputes has unduly burdened court resources and has hindered "the just, speedy, and inexpensive determination" of this lawsuit. *See* Fed. R. Civ. P. 1. For that reason, at the April 3 status conference, the Court informed the parties that it was contemplating appointing a discovery master in this matter. At this juncture, the Court concludes that the appointment of a discovery master is warranted.

The purpose of a discovery master is "to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). To this end, Federal Rule of Civil Procedure 53(a)(1)(C) authorizes appointment of a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "The decision to appoint a master whose function is to aid the judge in the performance of specific judicial duties, is within the discretion of the District Court." *In re United States*, 816 F.2d 1083, 1086 (6th Cir. 1987) (quoting *Bradshaw v. Thompson*, 454 F.2d 75, 80 (6th Cir.), *cert. denied* 409 U.S. 878 (1972)).

Accordingly,

**IT IS ORDERED** that, unless objections are made or grounds for disqualification are found, Retired Magistrate Judge Mona K. Majzoub is **APPOINTED** as discovery master in this matter pursuant to Rule 53, and her authority is governed by this Opinion and Order, as well as Federal Rule of Civil Procedure 53(c), including the authority under Rule 53(c)(2).

**IT IS FURTHER ORDERED** that Judge Majzoub must file an affidavit within two weeks of this Opinion and Order, disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. The parties then have ten days to raise objections her appointment.

**IT IS FURTHER ORDERED** that Judge Majzoub's appointment will take effect if no valid objections are raised and her affidavit reflects no grounds for her disqualification or, if a ground is disclosed, the parties waive the disqualification.

**IT IS FURTHER ORDERED** that, if Judge Majzoub's appointment takes effect, the following provisions govern her appointment:

(1) Judge Majzoub is authorized and empowered to supervise, manage, and make recommendations to the Court regarding disposition of all discovery disputes and other discovery-related issues.

(2) This Court's Practice Guideline concerning discovery disputes is suspended during Judge Majzoub's appointment. If the parties (and any non-parties) are not able to agree to the resolution of a discovery dispute on their own

after a reasonable effort, then they shall submit the dispute to Judge Majzoub in accordance with procedures to be established by Judge Majzoub.

(3) Judge Majzoub may conduct hearings and conferences with the parties in the manner and at the times and locations she deems appropriate. Judge Majzoub may also communicate ex parte with the Court or a party as she deems appropriate.

(4) Judge Majzoub must proceed with all reasonable diligence and must make a complete record of the evidence considered in making or recommending findings of fact. Judge Majzoub need only file evidence as an attachment to a recommendation and report if the evidence has not been attached to a party's briefing. Judge Majzoub must maintain normal billing records of time spent on the matter, with reasonably detailed descriptions of activities and matters worked on.

(5) Judge Majzoub must be compensated by the parties at her usual rate and reimbursed for reasonable travel expenses. Both parties must split the costs and fees evenly, subject to redistribution by the Court.

(6) Any objection to a report and recommendation filed by Judge Majzoub must be filed no later than ten (10) days after a copy is filed on the docket. Responses to any objections must be filed no later than ten (10) days after objections are filed on the docket. Failure to timely object to Judge Majzoub's ruling is a permanent waiver of any objection to Judge Majzoub's report and

recommendation such that they are deemed approved, accepted, and ordered by the Court.

(7) Judge Majzoub may impose any noncontempt sanction provided by Federal Rules of Civil Procedure 37 or 45 on a party, and Judge Majzoub may recommend a contempt sanction against a party and sanctions against a nonparty.

**IT IS FURTHER ORDERED** that Plaintiffs' pending Motion to Compel Documents in Reasonably Usable Form (ECF No. 54) and Defendant's Motion to Compel Production of Medical Records (ECF No. 58) are **DENIED WITHOUT PREJUDICE** to be presented to Judge Majzoub, if necessary, in accordance with this Order and the protocols she establishes.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 28, 2025