UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ALEXA, et al.,

　　　　　　　Plaintiffs,

　　　　　　　　　　　　　　　　Case No. 22-cv-13073
v.　　　　　　　　　　　　　　　Honorable Linda V. Parker

CITY OF ANN ARBOR,

　　　　　　　Defendant.

_____/

## AMENDED OPINION AND ORDER APPOINTING DISCOVERY MASTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(a)(1)(C)

On April 28, 2025, this Court issued an opinion and order appointing retired Magistrate Judge Mona K. Majzoub as a discovery master in this matter pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), provided there were no conflicts or opposition.  (ECF No. 69.)  On May 21, Judge Majzoub filed an affidavit stating that she has no relationships or connections to the parties or their counsel, and that there are no other reasons to disqualify her from this appointment.  (ECF Nos. 80, 82.)  The parties thereafter filed notices stating that they have no objections to Judge Majzoub's appointment. [1]  (ECF Nos. 81, 82.)

_____

[1] The parties indicated in their filings that Judge Majzoub served as a private mediator in this matter.  However, the parties further indicated that this role raised no conflict.  (ECF Nos. 80, 82.)

Accordingly, the Court appoints Judge Majzoub as Discovery Master in this matter pursuant to Rule 53(a)(1)(C) to perform the duties and responsibilities set forth herein.  These provisions supersede those in the Court's April 28 decision.

**A.  Discovery Master's Duties**

The Discovery Master shall assist the parties in managing pretrial discovery and shall mediate disputes related to discovery matters upon the interested parties' request.  The Discovery Master shall also have the authority to hear and rule upon motion(s) by any party relating to pretrial discovery matters subject to any party's right to de novo review by the Court.  Specifically, the Discovery Master shall have the authority to:

**1.**  preside over any discovery-related hearings or conference sessions, with the goal of resolving discovery disputes and other discovery issues;

**2.**  mediate and assist the parties in resolving pretrial discovery disputes without requiring a written motion, upon the interested parties' joint request;

**3.**  hear and rule upon discovery motion(s) by any party, including but not limited to motion(s) related to:

    **a.**  disputes concerning production of hard-copy documents or electronically store information (ESI), including but not limited to identification, preservation, collection, processing, review, analysis, production, and other related ESI issues;

2

**b.** deposition of party fact and expert witnesses and of third parties (other than any motion or application filed with the Court by a third party on its own behalf);

**c.** claims of alleged spoliation;

**d.** interpretation of any written agreements between the parties related to discovery;

**e.** compliance by a party or parties with any ruling by the Discovery Master, after such ruling becomes final pursuant to Section F below;

**f.** implementation and compliance with the Court's discovery-related orders; and

**g.** such other matters related to pretrial discovery as may be specifically requested and referred to the Discovery Master by the Court.

## B.  Communications with the Parties and the Discovery Master

All written communications directed to the Discovery Master shall be sent to the Discovery Master via electronic mail, majzoub@mkmpllc.com, copying her legal assistant, Kelly Thweatt, thweatt@mkmpllc.com, and her paralegal, Jay Schwartz, jalanschwartz@gmail.com.  The Discovery Master shall not communicate ex parte with any party or any party's attorney(s) except when such communication is: (a) necessary to maintain the confidentiality of trade secret, proprietary, or other necessary information; (b) necessary to maintain any privilege

3

related to specific information or documents that are the subject of a motion or other dispute presented to the Discovery Master; (c) solely related to procedural matters to ensure the efficient administration, management, and oversight of this case, including scheduling meetings, conferences, calls, hearings, or other non-substantive matters; or (d) made with the interested party or parties' prior consent, in the context of mediation or negotiation concerning part or all of any discovery-related dispute.  Other than ex parte communications authorized above, copies of all written communications directed to the Discovery Master shall be copied to counsel for the opposing party or parties.

The Discovery Master shall not communicate ex parte with the Court, except that the Discovery Master may report to the Court concerning procedural matters relating to the status of any motion(s) or other matters presented to the Discovery Master by the parties, scheduling, logistics, and other administrative management of the litigation, and other appropriate procedural matters.  When practicable, the Discovery Master will give the parties advance notice of such communications. The Discovery Master shall not communicate ex parte with the Court concerning any substantive matter except by mutual agreement of all parties.

### C.  Submissions of Disputes to the Discovery Master

The parties must first attempt to resolve discovery disputes through the conferral process set forth in the applicable rules.  If any dispute(s) remains, the

parties must seek a pre-motion conference with the Discovery Master to attempt to resolve the dispute(s) before submitting any briefing concerning the dispute(s). The potential movant(s) shall communicate with the Discovery Master electronically via email, copying her legal assistant, Kelly Thweatt, and her paralegal, Jay Schwartz, to request such a conference, submitting a summary of the issue, not exceeding one page of single-spaced text. The opposing party may submit a brief response through the same means and subject to the same page and spacing limitations. Opposing counsel must be copied on these communications. To the extent practicable, the Discovery Master shall conduct a pre-motion conference within five (5) business days of a party's request.

Discovery-related motions filed by a party with the Discovery Master shall be supported by a memorandum describing the legal and factual basis for the requested relief, as well as copies of any documents necessary to resolve the motion. Responses will be due ten (10) days after service of a motion, and replies will be due five (5) days after service of the response. All briefing submissions will be delivered to the Discovery Master in a binder along with an electronic copy to the Discovery Master, her legal assistant, and paralegal. The submitting party shall deliver to the Discovery Master a binder (the "Discovery Master Copy") containing that party's briefing and supporting exhibits separated by numbered or lettered exhibit tabs. The parties will follow procedures for filing documents under

seal in accordance with the protective order entered in this case and any applicable statute or rule. *See, e.g.*, E.D. Mich. LR 5.3. The Discovery Master Copy containing filings made under seal will include copies of both the redacted and unredacted document(s) sought to be filed under seal.

### D.  Proceedings Before the Discovery Master

Appearances before the Discovery Master will be conducted in the manner designated by the Discovery Master, and may include remote hearings and conferences through an electronic platform selected by the Discovery Master.

For any hearing or conference before the Discovery Master, the proceedings will be recorded, and afterwards the parties will arrange for a court reporter to provide a transcript of the proceeding. In the alternative, the parties may arrange for the presence of a court reporter at any hearing or conference to transcribe the proceeding. The cost of each transcript will be allocated, with Plaintiffs collectively bearing responsibility for 50% and Defendant bearing responsibility for 50%.

### E.  Rulings by the Discovery Master

The Discovery Master shall enter a written order on all discovery-related motions. The Discovery Master may rule on the parties' briefing only, and without oral argument, and may issue a single order addressing multiple motions. The Discovery Master shall file the order on the case docket, with electronic copies to

the parties' counsel, within fifteen (15) days following the completion of briefing on the motion or oral argument, if any, on the motion.

### F. Review of the Discovery Master's Rulings

Any party may file an objection(s) with the Court to an order by the Discovery Master within ten (10) days after any such order is filed by the Discovery Master.  Response(s) to any objection(s) are due five (5) days after objection(s) are filed.  The objecting party may file a reply five (5) days thereafter. Objections shall be specific and accompanied by a memorandum describing the legal and/or factual basis for the objection(s).

The Court shall review objections to findings of fact and conclusions of law de novo.  *See* Fed. R. Civ. P. 53(f)(3)-(4).  However, the parties may stipulate that the Court's review of objections to findings of fact will be reviewed for clear error or will be final.  *See* Fed. R. Civ. P. 53(f)(3)(A), (B).  The Discovery Master's ruling on a procedural matter will be reviewed for an abuse of discretion.  *See* Fed. R. Civ. P. 53(f)(5).  Absent timely objection, and unless the Court expressly directs otherwise, the order of the Discovery Master shall be deemed final to the same extent as an order issued by the Court.

### G. Discovery Master's Billing Record

The Discovery Master shall maintain detailed billing records of time spent by her and any assistant(s) working on this case, with reasonably detailed

7

descriptions of the activities and matters worked on.  The Discovery Master shall

maintain a record of materials and communications that form the basis for any

orders in a manner determined at the Discovery Master's discretion.

### H. Compensation

The Discovery Master shall be privately compensated by the parties for all

services rendered by her or her assistant(s) in this matter.  The Discovery Master

will bill time at an hourly rate of $600, and her paralegal, Jay Schwartz, will bill at

an hourly rate of $150.  Only fees and expenses that are reasonably necessary to

fulfill the Discovery Master's duties and responsibilities under this Order will be

incurred.

All services provided in this case by the Discovery Master, including those

of her assistant(s), shall be at the expense of the parties, with Plaintiffs collectively

bearing responsibility for 50% and Defendant bearing responsibility for 50%.  The

Discovery Master shall submit itemized and detailed invoices describing all

services billed on the 10th day of each month.  The Discovery Master shall submit

such monthly invoices directly to lead counsel for each party and shall provide the

parties with details for remittance to the Discovery Master by electronic direct

deposit.  Plaintiffs and Defendant shall remit their proportionate shares of each

invoice within thirty (30) days of receipt.

Any objection to an invoice issued by the Discovery Master shall be first brought to the Discovery Master's attention, in writing.  Portions of an invoice not objected to shall be paid within sixty (60) days of receipt.  If an objection to an invoice is not resolved with the Discovery Master within ten (10) days of the objection being lodged, the objecting party shall file the objection under seal and it will be resolved by the Court.  However, by agreement between the Discovery Master and the parties, the time to resolve objections may be extended.

### I.  Other Matters

#### 1.  Affidavit

As indicated, the Discovery Master filed an affidavit which reflects that there are no grounds for her disqualification consistent with 28 U.S.C. § 455.  *See* Fed. R. Civ. P. 23(b)(3).

#### 2.  Term of Service

The Discovery Master's term of service will end upon entry of final judgment and the exhaustion of all appeals, including the award of any applicable attorney fees or costs in this matter, or when this Court terminates the appointment, whichever comes first.

#### 3.  Cooperation

The parties and their counsel, including their successors in office, agents, and employees shall provide full cooperation to the Discovery Master, and any

9

assistant(s) employed by the Discovery Master, in performing the duties and responsibilities set forth in this Order.  The parties shall timely comply with rulings of the Discovery Master under this Order, subject to the procedures above for review of objections by the Court.  The Discovery Master may by order impose on a party or a party's counsel any non-contempt sanction provided by Federal Rules of Civil Procedure 37 or 45, and may recommend to the Court a contempt sanction against a party and/or a party's counsel and sanctions against a nonparty.  *See* Fed. R. Civ. P. 23(c)(2).  As an agent and officer of the Court, the Discovery Master and her assistant(s) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other judicial adjuncts performing similar functions.

### 4.  Access to Information

Within seven (7) days of this Order, the parties shall provide the Discovery Master with: (a) a copy of any protective order entered in this matter; and (b) a current and accurate list of all email addresses of all counsel in this case, including identifying lead counsel for each party.  The list of email addresses shall be the master list for notice and service by the Discovery Master for any activity in this case.  If any additional counsel enter the case, or any email addresses change, it shall be the obligation of that counsel to immediately notify the Discovery Master and all parties of the new email address.  The parties will make readily available to

the Discovery Master any and all individuals, information, documents, materials,

programs, files, databases, services, facilities, and premises under their control that

the Discovery Master requires to perform her duties and functions under this

Order.

      **IT IS SO ORDERED**.

                                s/ Linda V. Parker
                                LINDA V. PARKER
                                U.S. DISTRICT JUDGE

Dated: June 3, 2025