UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ALEXA, JEFF MALONE,
and TIM RUGG,

      Plaintiffs,

v.

      Case No. 22-cv-13073
      Honorable Linda V. Parker

CITY OF ANN ARBOR,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT**

This lawsuit arises from the COVID-19 pandemic and the denial by the City of Ann Arbor ("City") of religious exemptions to Plaintiffs, former City employees, from its mandatory vaccination policy.  Plaintiffs Jennifer Alexa, Jeff Malone, and Tim Rugg currently allege that the City terminated their employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I), Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") (Count II), and 42 U.S.C. § 1983 by infringing upon Plaintiffs' First Amendment rights (Count III).  The matter is before the Court on Plaintiffs' motion to file an amended complaint to add three new defendants, former and current City employees John Fournier, Margaret Radabaugh, and Matt Thomas, and to reinstate former City employee Brandon Boggs as a Plaintiff by resurrecting his First Amendment claim under § 1983.  The

motion has been fully briefed. (ECF Nos. 70, 76, 77.) For the reasons set forth below, the Court is denying the motion.

I. **Applicable Standard**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

II. **Background**

Plaintiffs were City employees whose employment with the City ended in December 2021. (ECF No. 1 ¶¶ 23, 28, 32, 41.) Plaintiffs filed their initial complaint on December 19, 2022, and have since filed two amended pleadings. (ECF Nos. 1, 11, 63.) The First Amended Complaint, filed in March 2023,

contained claims under Title VII, ELCRA, and § 1983 on behalf of Plaintiffs Alexa, Boggs, Malone, and Rugg.  (ECF No. 11.)

On April 23, 2023, the City filed a motion for judgment on the pleadings as to Boggs' claims (ECF No. 14), which the Court granted in an Opinion and Order entered November 8, 2023 (ECF No. 19).[1]  The Court, therefore, terminated Boggs as a party.  (11/8/23 Text-Only Entry.)  The remaining Plaintiffs subsequently filed a motion to amend their complaint on October 21, 2024, representing that Boggs would not be included in the amended pleading.  (ECF. No. 27 at PageID. 235 n.2; ECF No. 27-1.)  The proposed Second Amended Complaint attached to the motion in fact did not include Boggs as a party.  (*See* ECF No. 27-1.)

The City stipulated to the amendment, and the Court entered a stipulated order granting the motion to amend (ECF No. 34); however, the amended complaint Plaintiffs filed on December 5, 2024, contained claims on behalf of Boggs (*See* ECF No. 46-2.)  The City therefore moved to strike the amended pleading.  (ECF No. 36.)  Because Plaintiffs did not seek or obtain the Court's or the City's permission to file that materially different complaint, the Court granted the motion.  (ECF No. 62.)  On April 16, 2025, Plaintiffs filed the Second

---

[1] On review, the Court realizes that it did not directly address Boggs' § 1983 claim in its decision on the City's Rule 12(c) motion.  Although the City argued in its motion that "Boggs failed to plead *any* plausible federal or state law [claims]" (ECF No. 14 at PageID.152 ¶ 4 (emphasis added)), the motion did not explicitly request dismissal of Boggs' § 1983 claim.  (*See id.*)  In any event, the Court's reasoning for dismissing Boggs' other claims applied equally to his § 1983 claim.  And, for those reasons and those stated *infra*, Boggs' § 1983 claim is futile.

Amended Complaint as originally proposed, removing all references to Boggs. (*See* ECF No. 63.)

Two weeks after filing the Second Amended Complaint, Plaintiffs filed the present motion to amend. (ECF No. 70.) Plaintiffs argue that the statute of limitations should not bar the addition of three new defendants, asserting that the principle of equitable tolling applies because the City "resisted engaging in discovery" and "committed textbook fraudulent concealment." (*Id.* at PageID.3043-44.) In addition, Plaintiffs contend that Boggs' § 1983 claim, having never been addressed directly by the Court when granting the City's Rule 12(c) motion, should be reinstated because it can withstand a motion to dismiss and is therefore not futile. (*Id.* at PageID.3042.)

### III. Applicable Law & Analysis

In response to Plaintiffs' motion to amend, the City argues bad faith, dilatory tactics, and prejudicial undue delay, in addition to futility. (ECF No. 76 at PageID.3579-80.) The City maintains that the statute of limitations bars Plaintiffs from adding new defendants at this stage of the litigation, and that Boggs cannot establish the elements needed to support a § 1983 claim. (*Id.*)

### A. Addition of New Defendants[2]

Equitable tolling temporarily delays the statute of limitations from taking effect in exceptional circumstances where "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). Federal courts use the principle sparingly, particularly in cases against the government. *Id.* at 784; *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002) (observing that equitable tolling rarely applies against the government). The party seeking equitable tolling has the burden of proving its applicability. *Robertson*, 624 F.3d at 784.

Plaintiffs fail to show that equitable tolling is appropriate here. In support of its application, Plaintiffs assert that the City resisted in engaging in discovery for ten months. (ECF No. 70 at PageID.3043-44.) What Plaintiffs paint as "dilatory tactics," however, is no more than the City engaging in discovery according to the Federal Rules of Civil Procedure. Pursuant to Rule 26(d), "a party may not seek

---

[2] The City contends that the statute of limitations has run on all three counts alleged in the Complaint. (ECF No. 76 at PageID.3589-90.) Plaintiffs do not contest this assertion, proceeding directly to their argument that equitable tolling applies. (*See* ECF No. 70 at PageID.3043-44, ECF No. 77 at PageID.6-7.) Plaintiffs thereby waive the right to contest the running of the statute of limitations. *See Rouse v. Caruso*, No. 06-cv-10961, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011) (observing that a plaintiff's failure to address certain arguments raised by the defendant acts as a concession of those arguments).

discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26. Rule 26(f) refers to the scheduling conference where parties plan for discovery, which, in this case, occurred on February 1, 2024. (2/15/24 Text-Entry Order.) The City exchanged its initial disclosures in a timely manner, on February 16, 2024. (ECF No. 76-14 at PageID.3667.) Thus, what Plaintiffs represent as the City "fail[ing] to participate in litigation for ten months" was in fact Plaintiffs' error in serving the City with a premature discovery request ten months prior to the Rule 26(f) scheduling conference. (*See* ECF No. 70-2 at PageID.3055.) Plaintiffs were also informed by the City that the discovery request was premature, shortly after the request was sent. (*Id.*)

Plaintiffs fail to show that exceptional circumstances beyond their control rendered them incapable of adding the proposed defendants prior to the statute of limitations running. Plaintiffs allege that they "unexpectedly" discovered City legal counsel Margaret Radabaugh and Matt Thomas as additional members of the team that reviewed religious exemption requests through the May 8, 2024 depositions of the known members, Jessica Hull and Kimberly Barry. (ECF No. 70 at PageID.3032.) But Plaintiffs provide no justification for why they waited over a year later, after the statute of limitations passed, to add claims against Radabaugh and Thomas. In addition, Defendants indicate, and Plaintiffs do not dispute, that the "surprise" information of Radabaugh and Thomas acting in their capacity as legal counsel to Hull and Barry was provided to Plaintiffs on March 7,

2024, via a transcript of Rugg's arbitration hearing in which Hull testified. (ECF No. 60-1, PageID.1672-73; ECF No. 76 at PageID.3595.)

Similarly, Plaintiffs provide no persuasive reasoning as to why they delayed adding John Fournier, the former City Administrator who issued the COVID-19 vaccine mandate to City employees, as a defendant until after the statute of limitations ran. While Plaintiffs suggest that an amendment adding a new party relates back to the original pleading if that party received notice of the action (*see* ECF No.70 at PageID.3043), this is an incomplete statement of the law, *see* Fed. R. Civ. P. 15(c). In addition to notice of the action, Federal Rule of Civil Procedure 15(c)(1)(C) requires that the party sought to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). Plaintiffs do not assert that they were unaware of or mistaken about Fournier's role in the City's vaccine mandate. (*See* ECF Nos. 70, 77.) Indeed, Plaintiffs have referred to Fournier by name in the factual allegation section of their pleadings since the First Amended Complaint filed in March 2023. (ECF No. 11 at PageID.107-9.) Plaintiffs therefore fail to satisfy the criteria for the relation-back principle to apply.

Because Plaintiffs cannot establish that an exception to the statute of limitations appropriately applies, their claims against the proposed new defendants are time barred and therefore futile.

**B. Boggs' § 1983 Claim**

A proposed amendment to a complaint should not be allowed if it is futile, which means that it must be able to survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters*, 203 F.3d at 420. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Here, Plaintiffs' factual allegations are insufficient to make Boggs' claim of religious discrimination plausible. There still are no facts alleged from which to conclude or even infer that Boggs' religion, as opposed to simply his refusal to comply with the vaccination mandate, motivated the City's termination decision. Thus, Plaintiffs' proposed amendment of Boggs' § 1983 claim is futile for the same reasons articulated in the Court's dismissal of Boggs' Title VII and ELCRA claims.[3] (*See generally* ECF No. 19.) Because Boggs did not request a religious

---

[3] Indeed, Plaintiffs fail to even address or incorporate the Court's comment in the dismissal of Boggs' Title VII and ELCRA claims, equally pertinent here, that may have helped nudge Boggs' claim into plausible territory. (*See* ECF No. 19 at

exemption, Plaintiffs' proposed amendment remains devoid of factual allegations that would support the conclusion that he was terminated due to his religious beliefs, rather than for refusing to comply with the City's mandate. As such, Plaintiffs fail to make Boggs' § 1983 claim even conceivable, much less plausible. Thus, futility precludes Plaintiffs' proposed revival of Boggs' § 1983 claim.

## IV. Conclusion

Plaintiffs do not disagree that the statute of limitations has run on their claims against the proposed new defendants, and they fail to show that an exception to the statute of limitations appropriately applies. Plaintiffs proposed amendments also fail to allege facts plausibly pleading Boggs' § 1983 claim.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to amend (ECF No. 70) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 14, 2025

---

PageID.205 n.1.) Plaintiffs never specify if Boggs was in conversation with "management," or if "management" said that Boggs would not be accommodated in response to Boggs claiming a need for religious exemption. (*See* ECF No. 70-9.)