UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ALEXA, JEFF
MALONE, and TIM RUGG,

      Plaintiffs,

                                           Case No. 22-cv-13073

v.                                   Honorable Linda V. Parker

CITY OF ANN ARBOR,

      Defendant.
_____/

## ORDER ADDRESSING RULING ON PLAINTIFFS' MOTION TO FILE PUBLIC OBJECTIONS

More than four months ago, through a June 3, 2025 opinion and order, this Court appointed retired Magistrate Judge Mona K. Majzoub to serve as a discovery master in this litigation due to the significant discovery-related motion practice which had been generated. (ECF No. 83.) In that opinion and order, the Court repeatedly identified Jay Schwartz as Judge Majzoub's paralegal. (*Id*. at PageID.3745, 3747, 3750.) The opinion and order further indicated that Judge Majzoub would bill Mr. Schwartz's time at an hourly rate of $150. (*Id.* at PageID.3750.) The opinion and order set forth the procedures governing Judge Majzoub's appointment, including the process for objecting to her billing invoices,

which were required to be filed under seal.[1]  (*Id.* at PageID.3751.)  No party objected to the Court's opinion and order, including Judge Majzoub's appointment, her use of Mr. Schwartz as a paralegal, or the procedures governing her appointment.

On November 13, after rulings by Judge Majzoub on numerous discovery motions, Plaintiffs filed a motion seeking leave "to publicly file objections to disbarred attorney's invoices."  (ECF No. 144.)  Plaintiffs maintained that the objections should be public "due to the ethical considerations at issue."  (*Id.* at PageID.7399.)  Because Plaintiffs essentially set forth their objections and their charges related to Mr. Schwartz in their public motion, without awaiting a ruling on whether the sealing requirement would be lifted, the Court sealed the motion.  (ECF No. 146.)  On November 20, the Court entered a text-entry order denying Plaintiffs' request to file their objections on the public docket.  The Court now offers its reasoning.

The basis of Plaintiffs' objections to Judge Majzoub's invoices is their accusation that Mr. Schwartz has engaged in the unlawful practice of law by serving as Judge Majzoub's paralegal.  Plaintiffs contend that they, therefore, should not have to pay for work billed by Mr. Schwartz.  In strong and accusatory

---

[1] In comparison, objections to Judge Majzoub's decisions on discovery motions are filed on the public docket.

language, Plaintiffs assert that Mr. Schwartz has violated Michigan Court Rule 9.119, the Michigan Rules of Professional Conduct, and Local Rule 83.22 of the Eastern District of Michigan.

When the Michigan Attorney Grievance Commission receives complaints of unethical behavior, those filings are confidential and not public record. *See* [https://perma.cc/NF8P-XGPF](https://perma.cc/NF8P-XGPF). In fact, the Michigan Court Rules provide for the confidentiality of the charge and investigation. Mich. Ct. R. 9.126. Only if, after an investigation, formal pleadings are brought, does the matter become public. *See id.* The purpose of the rule, at least in part, seems to be the protection of the reputation of attorneys against unfounded charges of misconduct.

The Court does not see any reason why the same confidentiality provisions should not apply to the current situation. Only if the Court finds merit to Plaintiffs' assertions might the Court see an ethical consideration warranting public disclosure.

For those reasons, the Court denied Plaintiffs' request to file their objections on the public docket.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 8, 2025